Michele M. Vercoski [Bar No. 244010]
mmv@mccunewright.com
Yasmin N. Vahid [Bar No. 331327]
ynv@mccunewright.com
**McCune Law Group, APC**
18565 Jamboree Road, Ste. 550
Irvine, CA  92612
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Gavin P. Kassel [Bar No. 284666]
gavin@skassellaw.com
**Sanford A. Kassel A Professional Law Corporation**
334 W. 3rd Street, #207
San Bernardino, CA 92401
Telephone: (909) 884-6451
Facsimile: (909) 884-8032

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEYANNE BAILEY, individually, and on behalf of all employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, A Delaware Limited Liability Company f.k.a. AMAZON.COM SERVICES, INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: **5:23-cv-2280**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

**CLASS ACTION COMPLAINT**

Plaintiff SHEYANNE BAILEY (Plaintiff), for herself and all other employees similarly situated, alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff asserts claims against Defendant AMAZON.COM SERVICES LLC. on behalf of herself and similarly situated employees as a class action seeking damages and any other available legal or equitable remedies resulting from violations of California Labor Code (sections 510, 1194 *et seq.,* 1198, 515, 226.7, 512, 226, 226.3 and 1174.5) and the Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) for the failure to pay overtime wages; misclassification of exempt employee status; unlawful failure to provide uninterrupted off-duty meal periods and rest breaks; failure to keep accurate payroll records of daily hours worked.

## PARTIES

2.      Plaintiff is an individual and is now and at all times referenced mentioned in this complaint was a resident of Riverside County, California. At all times herein mentioned Plaintiff is now and was employed by Defendant AMAZON.COM SERVICES LLC.

3.      Defendant AMAZON.COM SERVICES, LLC is and at all times mentioned herein was a Delaware limited liability company organized, existing, and conducting business in California under and by virtue of the laws of California. Defendant AMAZON was formerly known as AMAZON.COM SERVICES, INC. before reorganizing itself in January 2020. Because Plaintiff has been working for Defendant since approximately 2016 and some or all of the claims asserted herein may pre-date the reorganization, both the LCC and INC entities are herein referred to as "Defendant AMAZON."

4.      Plaintiff is unaware of the true identities and/or capacities of those defendants sued herein as "DOES 1 through 25, inclusive," and are for that reason sued by such fictitious names. Plaintiff will amend this complaint to allege the true names, capacities and identities of such "DOE" defendants if, and when, ascertained. Plaintiff is informed, believes and thereon alleges that each of the fictitiously named defendant(s) is/are thereon

## CLASS ACTION COMPLAINT

responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by such acts.

5.    Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, each of the defendants was the agent, employee, servant, partner and/or representative of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, servitude, partnership and/or other relationship and with the consent of each other.

## JURISDICTION AND VENUE

6.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a California Class, which will result in Plaintiff and Class members belonging to a different state than that of Defendant. Defendant Amazon is a Delaware limited liability company and is headquartered in the State of Washington. Plaintiff also seeks damages in violation of the California Labor Code which provides statutory damages for each violation, which, when aggregated among a proposed class of hundreds, exceeds the $5,000,000.00 threshold for federal court diversity jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 (CAFA) are present, and this Court has jurisdiction.

7.    Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 18 U.S.C. § 1441(a) because Defendants does business within the state of California and Plaintiff resides in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

8.    Defendant Amazon is the second-largest private-sector employer behind Walmart Inc., and employs about 29% of the country's warehousing workers. That gives the company an outsize influence over the industry's working conditions and compensation.

-3-

## CLASS ACTION COMPLAINT

9.      In a recent study, more than two-thirds of Defendant Amazon.com Inc. US warehouse workers surveyed by researchers reported that they took unpaid time off to recover from pain or exhaustion sustained on the job.[1]

10.     The new national study, published last week by the University of Illinois Chicago's Center for Urban Economic Development, found that 69% of workers surveyed stayed home without pay to recover, including 34% who did so three or more times.[2]

11.     Amazon pushes employees to work too hard and too quickly, leading to avoidable injuries. Workplace safety regulators in Amazon's home state of Washington allege a direct connection between employee monitoring and discipline and musculoskeletal disorders suffered by its workers. The federal Occupational Safety and Health Administration, meanwhile, has cited Amazon for exposing workers to ergonomic risks at several facilities across the country.[3]

12.     Employees also suffered work-related mental health issues. More than half of those surveyed reported feeling burned out. The portion of workers reporting burnout increases with job tenure.[4]

13.     Plaintiff is currently employed by Defendant Amazon in a position titled "Area Manager." Plaintiff was hired by Amazon in 2016 and became an exempt Area Manager in 2019.

14.     "Area Managers like Plaintiff and all other employees similarly situated were designated and categorized by Defendant as exempt from receiving overtime compensation for hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek. Defendant stated on Plaintiff's wage statements, as well as those of all other similarly situated employees, that their "Basis of Pay'" was "salary."

---

[1] "*Amazon Injuries More Widespread Than Thought, Study Says*";
 Matt Day, October 25, 2023, Bloomberg, available at Amazon Worker Injuries More Widespread Than Thought, Study Says - Bloomberg (last visited October 29, 2023.)
[2] *Id.*
[3] *Id.*
[4] *Id.*

**CLASS ACTION COMPLAINT**

15.    Plaintiff on behalf of herself and all other similarly situated employees that based upon duties of Area Managers, she and the putative class did not meet the criteria of any recognized test in California for being exempt from overtime compensation. Plaintiff alleges that neither she nor any similarly situated Area Managers met the criteria for Executive Exemption, Administrative Exemption, and/or Professional Exemption regardless of whether she/they were/are paid an hourly rate equivalent to two times the applicable minimum wage.

16.    Plaintiff alleges that at no time during her and all other "Area Manager" employees' employment by Defendant AMAZON were they paid overtime wages at the statutory rate of one and one-half (1½) times their regular rate of pay when they were employed for more than eight (8) hours any workday or in excess of forty (40) hours in a workweek.

17.    Plaintiff and other similarly aggrieved area managers worked and continue to work an average of ten and one half (10 ½) to eleven (11) hours per day. Less then forty-nine percent (49%) of Plaintiff and other aggrieved area managers' daily activities entail performing managerial duties such as delegating tasks. The vast majority of Ms. Bailey and other similarly aggrieved area manager's daily activities consist of labor intense work at the direction of the operation manager and senior operations manager without any discretion given to the area managers such as Plaintiff.

18.    Plaintiff, along with other similarly aggrieved area managers, lack the authority to create work schedules for themselves and other warehouse associates. Instead, senior operation managers are responsible for creating work schedules for Plaintiff and other similarly aggrieved area managers.

19.    Throughout the day, Plaintiff and other similarly aggrieved area managers are directed to perform specific tasks as directed by their supervisors. These tasks are variable in nature and assignability and range from administrative duties to physical labor. Plaintiff and other similarly aggrieved area managers to perform these (and other non-

**CLASS ACTION COMPLAINT**

managerial) tasks without Plaintiff and other similarly aggrieved area managers' use of independent judgment.

20.    Furthermore, Amazon expects all area managers, including Plaintiff Ms. Bailey, to be present at work for a minimum of twelve (12) hours per workday. The shifts and departments of Plaintiff Ms. Bailey and other similarly aggrieved area managers are frequently changed without their input or consultation.

21.    Plaintiff Ms. Bailey and other similarly aggrieved area managers are required to utilize their personal cellular phones to accomplish their work tasks, such as: (1) respond to work emails on their personal phones; (2) required to have their work email set up on their personal phones; and (3) mandated to download and use specific work communication and data applications on their personal phones, including Slack, Rally Point, and Quip.

22.    Finally, Ms. Bailey and other similarly aggrieved area managers are expected to complete any assigned tasks at home if not completed during their warehouse shift.

23.    Plaintiff has also suffered mental health related issues and exhaustion, which required her to take unpaid time off to recover from the fast-paced working conditions in which she, and all other similarly situated employees, have been forced to work too hard and too quickly at an unsustainable pace.

24.    Plaintiff alleges throughout her and all similarly situated employees' employment Defendant AMAZON stated on their wage statements/pay stubs that they were paid, at most, eighty (80) hours per two-week pay period without regard to the actual number of hours Plaintiff and all other similarly situated employees were employed in a given day or workweek.

25.    Plaintiff alleges not only did Defendant AMAZON fail to pay overtime wages, but Defendant AMAZON also failed to pay minimum wage to Plaintiff and all others similarly situated for all hours they worked and were employed in excess of eighty (80) in any given pay period.

**CLASS ACTION COMPLAINT**

26.     Plaintiff alleges Defendant AMAZON failed to maintain accurate records of hours worked by Plaintiff and all other similarly situated employees including but not limited to all hours worked beyond eighty (80) in a two week pay period.

27.     Defendant Amazon has also failed to provide Plaintiff Ms. Bailey and other similarly aggrieved area managers with off-duty meal periods as required by California law. Plaintiff Ms. Bailey and similarly situated area managers regularly worked in excess of five (5) hours a day without being provided at least half-hour meal periods in which they were relieved of all duties, as required by Labor Code§§ 226.7, 512, and Wage Orders 5-2001 and 15-2001. Amazon failed to pay area managers the premium compensation mandated by Labor Code § 226. 7(b) for these missed meal periods.

28.     At all relevant times, the unlawful conduct against Plaintiff and the Class as described in each and all of the foregoing paragraphs was reasonably foreseeable by Defendant and committed under actual or apparent authority granted by Defendant such that all of the aforementioned unlawful conduct is legally attributable to Defendant.

## CLASS ALLEGATIONS

29.     Plaintiff incorporates by reference each and every previous paragraph and all allegations contained therein as though set forth in full herein.

30.     Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of the class and/or subclasses that are defined as follows:

a.  All "Area Managers" or similarly titled employees of Defendant Amazon located in California who were not paid overtime wages for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek;

b.  All "Area Managers" or similarly titled employees of Defendant Amazon located in California who were misclassified as exempt employee status;

c.  All "Area Managers" or similarly titled employees of Defendant Amazon located in California who were not given accurate wage statements/pay stubs;

d.  All "Area Managers" or similarly titled employees of Defendant Amazon located in California who were not provided uninterrupted off-duty meal periods and rest breaks;

-7-

31.    Excluded from this Class/Sub-Classes is Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the Judge(s) to whom this case is assigned and any member of the Judges(s)' immediate family.

32.    Plaintiff believes there are at least 1,000 current and former Area Manager employees in the Class/Sub-Classes.

33.    Plaintiff's claims are typical of the claims of the members of the Class/Sub-Classes because they have been Area Manager employees who, like the members of the Class/Sub-Classes, sustained damages arising out of Defendant's common course of wage and hour violations.

34.    Plaintiff will fairly and adequately protect the interests of the Class/Sub-Class members. Plaintiff has retained counsel competent and experienced in complex and class action litigation, including employment law.

35.    Common questions of law and fact exist as to Plaintiff and all members of the Class/Sub-Classes and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and the Class/Sub-Classes are:

       a.    Whether Defendants failed to properly compensate Plaintiffs and the members of the Class/Sub-Classes for all time worked, including overtime;

       b.    Whether Defendant misclassified Plaintiff and the members of Class/Sub-Classes as exempt employees;

       c.    Whether Defendant failed to provide Plaintiff and the Class/Sub-Classes uninterrupted off-duty meal periods and rest breaks;

       d.    Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class/Sub-Classes;

**CLASS ACTION COMPLAINT**

e.  Whether Defendants violated California Business and Professions Code § 17200, et seq., (Unfair Business Practices Act); and

f.  The nature and extent of class-wide injury and the measure of compensation for such injury.

36.  Class action treatment is superior to the alternative for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their modest, purely economic, common claims in a single forum simultaneously, efficiently and without duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Class is readily identifiable from Defendant's records.

37.  Defendant has acted on grounds generally applicable to the entire Class and members of the sub-classes, thereby making a final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and sub-classes that would establish incompatible standards of conduct for Defendant.

38.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all matters is impractical. Furthermore, the amounts at stake for many of the class members, while substantial to them, are not great enough to hire an attorney to prosecute individual suits against Defendant.

39.  Without a class action, Defendant will likely continue its course of illegal action which will cause further damage to Plaintiff and the members of the Class and sub-classes.

///

///

---

-9-

**CLASS ACTION COMPLAINT**

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages, Cal. Labor Code §§1194, 510, 1198)

40.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

41.    At all times herein mentioned Defendant AMAZON and/or DOES failed to pay Plaintiff and all other similarly situated employees wages for all overtime hours worked, permitted, directed and/or suffered in excess of eight (8) hours in any workday or in excess of 40 hours in any workweek as herein alleged.

42.    At all times herein mentioned Defendant AMAZON and/or DOES failed to pay Plaintiff and all other similarly situated employees minimum wages for all hours worked, permitted, directed and/or suffered in excess of the eighty (80) hours that are identified on Plaintiff's and all other similarly situated employees' wages statements/pay stubs as herein alleged.

43.    As a direct and proximate result of Defendants' and each of their failure to pay wages in violation of California Labor Code §§510 and/or 1194, 1198, et seq., Plaintiff and all other similarly situated employees suffered damages in an amount according to proof at trial including interest thereon.

44.    As a further direct and proximate result of Defendants' and each of their as herein alleged, Plaintiffs and each of them have retained legal counsel and are thereon entitled to an award of attorney's fees and costs of suit pursuant to applicable statute(s) including but not limited to California Labor Code §98.2(c), §218.5, §1194(a), in an amount according to proof at trial.

### SECOND CAUSE OF ACTION

### (Misclassification of Exempt Employee Status, Cal. Labor Code §515)

45.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

### CLASS ACTION COMPLAINT

46.    At all times herein mentioned Defendant AMAZON and/or DOES failed to properly classify Plaintiff and all other similarly situated employees as non-exempt employees under section 515 of the California labor code.

47.    Plaintiff and other similarly aggrieved area managers worked and continue to work an average of ten and one half (10 ½) to eleven (11) hours per day. Less then forty-nine percent (49%) of Plaintiff and other aggrieved area managers' daily activities entail performing managerial duties such as delegating tasks. The vast majority of Ms. Bailey and other similarly aggrieved area manager's daily activities consist of labor intense work at the direction of the operation manager and senior operations manager without any discretion given to the area managers such as Plaintiff.

48.    Plaintiff, along with other similarly aggrieved area managers, lack the authority to create work schedules for themselves and other warehouse associates. Instead, senior operation managers are responsible for creating work schedules for Plaintiff and other similarly aggrieved area managers.

49.    Throughout the day, Plaintiff and other similarly aggrieved area managers are directed to perform specific tasks as directed by their supervisors. These tasks are variable in nature and assignability and range from administrative duties to physical labor. Plaintiff and other similarly aggrieved area managers to perform these (and other non-managerial) tasks without Plaintiff and other similarly aggrieved area managers' use of independent judgment.

50.    Furthermore, Amazon expects all area managers, including Plaintiff Ms. Bailey, to be present at work for a minimum of twelve (12) hours per workday. The shifts and departments of Plaintiff Ms. Bailey and other similarly aggrieved area managers are frequently changed without their input or consultation.

51.    As a direct and proximate result of Defendants' and each of their failure to properly classify Plaintiff and other similarly aggrieved area managers in violation of California Labor Code §515, Plaintiff and all other similarly situated employees suffered damages in an amount according to proof at trial including interest thereon.

**CLASS ACTION COMPLAINT**

52.    As a further direct and proximate result of Defendants' and each of their as herein alleged, Plaintiffs and each of them have retained legal counsel and are thereon entitled to an award of attorney's fees and costs of suit pursuant to applicable statute(s) including but not limited to California Labor Code §98.2(c), §218.5, §1194(a), in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

**(Wages for Failure to Provide Rest & Meal Periods – Cal. Labor Code §§ 226.7, 512)**

53.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

54.    Labor Code sections 226.7 and 512, and the IWC Wage Order 5-2001, ¶12(B) requires Defendant to provide employees all meal and rest periods specified in the applicable Wage Order. These laws and regulations further entitle employees to be paid one additional hour of pay per day at

their regular rate of compensation for each day of denied rest period and/or meal period during the relevant statutory period.

55.    Wage Order 5-2001 provides, in part, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable, shall be in the middle of each work period. The authorized meal period time shall be based on the total hours worked daily at the rate of ten (10) minutes rest time per four (4) hours or major fraction thereof.... Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Wage Order 5-2001, ¶12(A).

56.    Wage Order 5-2001 further provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period maybe waived by mutual consent of the employer and employee... An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the

**CLASS ACTION COMPLAINT**

second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived... Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to." Wage Order 5-2001, ¶11(A)-(C).

57.    Defendant Amazon has failed to provide Plaintiff Ms. Bailey and other similarly aggrieved area managers with off-duty meal periods as required by California law. Plaintiff Ms. Bailey and similarly situated area managers regularly worked in excess of five (5) hours a day without being provided at least half-hour meal periods in which they were relieved of all duties, as required by Labor Code§§ 226.7, 512, and Wage Orders 5-2001 and 15-2001. Amazon failed to pay area managers the premium compensation mandated by Labor Code § 226. 7(b) for these missed meal periods.

58.    As a result of Defendant's violations, Plaintiff and the Class are entitled to all actual and compensatory damages according to proof or statutory damages allowable under the CCPA, whichever are higher, and to such other and further relief as this Court may deem just and proper.

## **FOURTH CAUSE OF ACTION**

### **(Failure to Provide an Accurate Itemized Statement -Cal. Labor Code §§ 226, 226.3, 1174.5)**

59.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

60.    Labor Code section 226 requires defendants to provide employees an accurate itemized statement showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece units and rates if applicable, (4) all deductions, (5) net wages earned, (6) the inclusive date of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address

## CLASS ACTION COMPLAINT

of the legal entity that is the employer, and (9) all applicable hourly rates in effect and the corresponding number of hours worked.

61.     Under California Labor Code § 1174(d), employers must keep "payroll records showing the hours worked daily by and the wages paid to ... employees [ .. .]."

62.     Plaintiffs allege that defendants violated Labor Code section 226 by failing to provide an itemized statement with their wages.

63.     Labor Code section 226.3 provides that any employer who violates subdivision (a) of Section 226 or who fails to keep the records required in subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of $250 per employee per violation.

64.     Pursuant to Labor Code §226.3, as a result of Defendant's violations, Plaintiff and the Class are entitled to recover from Defendant, and each of them, penalties in excess of $300,000.00 or such greater amount as may be established according to proof at trial.

## **FIFTH CAUSE OF ACTION**

### **(Violation of the Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

65.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

66.     Defendant has violated and continue to violate Business & Professions Code, section 17200, et seq. by engaging in acts of unfair competition referred to above including, but not limited to, violations of California Labor Code (sections 510, 1194 *et seq.,* 1198, 515, 226.7, 512, 226, 226.3 and 1174.5,) for the failure to pay overtime wages; misclassification of exempt employee status; unlawful failure to provide uninterrupted off-duty meal periods and rest breaks; failure to keep accurate payroll records of daily hours worked; and failure to provide written description of quotas and restrictions of quotas.

-14-

**CLASS ACTION COMPLAINT**

67.    Defendant's utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendant's competitors.

68.    Defendant, instead of providing a reasonable level of security that would have prevented the Data Breach, calculated to avoid its data security obligations at the expense of Plaintiff and Class by utilizing ineffective security measures.

69.    By engaging in the above-described unlawful business acts and practices, Defendant committed one or more acts of unfair competition within the meaning of California's Unfair Competition Law, section 17200 of the Business & Professions Code ("UCL").  These acts and practices constitute a continuing and ongoing unfair business activity defined by the UCL, and justify the issuance of an injunction, restitution, and other equitable relief pursuant to the UCL.

70.    The conduct of Defendant is contrary to the public welfare since it transgresses civil statutes of the State of California designed to protect workers from exploitation and harm.

71.    Defendant's conduct described above was unfair within the meaning of the UCL because it was against established public policy and has been pursued to attain an unjustified monetary advantage.

72.    Plaintiff and Class seek an order of this Court awarding restitution and injunctive relief and all other relief allowed under the UCL, including interest and attorneys' fees pursuant to, inter alia, Code of Civil Procedure section 1021.5, and to such other further relief as this Court may deem just and proper.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, respectfully request:

   a.   An Order certifying the proposed Class.

   b.   Damages in an amount to be determined at trial.

   c.   Compensatory, consequential, special damages, and restitution, in an amount to be determined at trial.

**CLASS ACTION COMPLAINT**

d.  Attorneys' fees, as the law allows.

e.  An award of pre- and post-judgment interest on damages.

f.  An award of costs of suit.

g.  Punitive and/or exemplary damages, as the law allows.

h.  Plaintiff be granted any other appropriate relief this Court may determine as just, equitable, and proper.

Dated:  November 3, 2023                McCUNE LAW GROUP, APC


                                        By:     /s/ Michele M. Vercoski
                                                Michele M. Vercoski
                                                Yasmin N. Vahid
                                        ATTORNEYS FOR PLAINTIFF AND CLASS

-16-

**CLASS ACTION COMPLAINT**

## **JURY DEMAND**

Plaintiff and Class hereby demand a trial by jury on all issues so triable.

Dated:  November 3, 2023                           M<small>CCUNE LAW GROUP</small>, <small>APC</small>

                                            By:     */s/ Michele M. Vercoski*
                                                    Michele M. Vercoski
                                                    Yasmin N. Vahid
                                            A<small>TTORNEYS FOR</small> P<small>LAINTIFF AND</small> C<small>LASS</small>

**CLASS ACTION COMPLAINT**