# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| SHEYANNE BAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, *et al.*<br><br>    Defendants. | EDCV 23-02280 TJH (SPx)<br><br><br>Order<br><br>JS-6 |

The Court has reviewed the complaint filed in this case.

On November 3, 2023, Plaintiff Sheyanne Bailey filed this putative class action against Defendant Amazon.com Services LLC ["Amazon"] alleging various California wage and hour claims and a violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, California's unfair competition law["UCL"].

**Subject Matter Jurisdiction**

The Court is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 US 375, 377 (1994). Moreover, because the Court has an independent obligation to ensure that cases do not exceed the limits of its jurisdiction, it must raise and consider jurisdictional defects that the parties overlook. *Henderson*

*ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

Here, Plaintiff invoked the Court's diversity jurisdiction based on the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ["CAFA"]. Under CAFA, diversity jurisdiction exists if, *inter alia*, there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from the defendant. 28 U.S.C. § 1332(d). Plaintiff alleged that Amazon was a limited liability company ["LLC"]. An LLC is a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, Plaintiff failed to allege the citizenship of each of Amazon's LLC members. Consequently, Plaintiff failed to sufficiently allege diversity jurisdiction.

**Equitable Jurisdiction over the Unfair Competition Law Claim**

Because only equitable remedies are available for a UCL claim, for the Court to have equitable jurisdiction over Plaintiff's UCL claim she must allege that all available legal remedies are inadequate. *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020). Here, Plaintiff failed to allege that all available legal remedies are inadequate. Consequently, the Court lacks equitable jurisdiction over Plaintiff's UCL claim.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡, *sua sponte*, that this case be, and hereby is, 𝔇𝔦𝔰𝔪𝔦𝔰𝔰𝔢𝔡 without prejudice for lack of jurisdiction.

Date: January 12, 2024

_____
𝔗𝔢𝔯𝔯𝔶 𝔍. 𝔥𝔞𝔱𝔱𝔢𝔯, 𝔍𝔯.
Senior United States District Judge